SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-12-20

| | |
|---|---|
| | **Opinion Delivered** January 8, 2014 |
| TERRY DOUGLAS REED<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[Nos. CR-2006-58, CR-2008-74] |
| V. | |
| | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REVOCATION AFFIRMED; REMANDED FOR RESENTENCING |

## LARRY D. VAUGHT, Judge

Appellant Terry Douglas Reed appeals from a judgment and commitment order entered by the Sebastian County Circuit Court that revoked his suspended imposition of sentences (SIS). Reed's sole argument is that his sentences are illegal. We agree. Therefore, we affirm the revocation but remand for resentencing.

On January 23, 2006, Reed was charged as a habitual offender with possession of methamphetamine, a Class C felony. On March 14, 2006, Reed pled guilty to the possession charge and was sentenced to a one-year term of imprisonment with a nine-year SIS. Reed was paroled on July 14, 2006.

On December 11, 2007, the State of Arkansas filed a petition to revoke Reed's SIS, alleging that on December 6, 2007, he committed the offenses of possession of marijuana (a Class D felony) and possession of drug paraphernalia (a Class C felony). On February 5, 2008,

another judgment and commitment order was entered wherein Reed pled guilty to the 2006 possession-of-methamphetamine charge and to the new charges of possession of marijuana and possession of drug paraphernalia. He was sentenced to two years' imprisonment plus a four-year SIS on the marijuana conviction, two years' imprisonment plus an eight-year SIS on the methamphetamine conviction, and two years' imprisonment plus an eight-year SIS on the drug-paraphernalia conviction—all terms to run concurrently. Reed was released from prison on October 22, 2008.

On October 13, 2011, the State filed a petition to revoke Reed's SIS based on allegations that he committed new offenses of possession of methamphetamine and possession of drug paraphernalia. At the revocation hearing, police officer Daniel Kasper testified that on October 7, 2011, he stopped Reed for failing to signal a turn. During the stop, Officer Kasper noticed Reed trying to hide something in his pocket. The officer performed a pat-down search of Reed and found a baggie containing what was believed to be methamphetamine residue.[1] Officer Kasper arrested Reed and transported him to jail. According to the officer, on the way to jail Reed said that he had a glass smoking pipe in his pants. Reed also testified, admitting that he had been smoking methamphetamine for fifteen years, it had become a problem in his life, and he wanted help.

The trial court revoked Reed's SIS and sentenced him to twelve years' imprisonment with an additional seven-year SIS for the 2006 possession of methamphetamine; six years' imprisonment for the 2008 possession of marijuana; and twelve years' imprisonment and a

---

[1]The State Crime Laboratory later confirmed that the residue in the baggie was methamphetamine.

seven-year SIS for the 2008 possession of drug paraphernalia, to run concurrently. A third judgment and commitment order detailing these sentences was entered on December 8, 2011. This appeal followed.[2]

Reed argues that all three sentences imposed upon the 2011 revocation are illegal because they fell outside the statutory range set forth in Ark. Code Ann. § 5-4-401(a) (Repl. 2006). He contends that for a Class C felony, the sentencing range is not less than three years and not more than ten. Ark. Code Ann. § 5-4-401(a)(4). Reed asserts that because he was sentenced to two concurrent terms of twelve years' imprisonment and seven years' SIS for each of the Class C felonies, those sentences were illegal. He contends that pursuant to Ark. Code Ann. § 5-4-401(a)(5), a term of imprisonment for a Class D felony cannot exceed six years. While the judgment and commitment order reflects that Reed was sentenced to six years' imprisonment for the Class D felony, he argues that this sentence was illegal because in 2008 he was sentenced to two years' imprisonment for that conviction and was later released from prison on October 22, 2008. Thus, according to Reed, the maximum imprisonment sentence he could receive upon revocation in 2011 for the Class D felony possession of marijuana was four years. The State concedes error on all three sentences.

---

[2]This is Reed's third appeal. In the first, Reed's attorney filed a motion to withdraw and a no-merit brief under *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1) (2012), asserting that an appeal would be wholly frivolous and that the case should be affirmed. In *Reed v. State*, 2013 Ark. App. 14, we held that counsel's no-merit brief was not in compliance with *Anders* and Rule 4-3(k), because it failed to address all adverse rulings; therefore, we denied counsel's motion to withdraw and ordered rebriefing. In the second appeal, counsel for Reed filed another no-merit appeal. In *Reed v. State*, 2013 Ark. App. 432, we held that an appeal would not be wholly frivolous because Reed may have received illegal sentences; thus, we ordered rebriefing.

For the reasons outlined by Reed, we agree that the sentences are illegal. As we pointed out in *Reed*, 2013 Ark. App. 432, at 4–5, it appears that at the revocation hearing, the trial court, along with counsel for Reed and the State, believed that Reed had originally been sentenced as a habitual offender, pursuant to Ark. Code Ann. § 5-4-501(a)(2)(D), (E) (Supp. 2011). And while the record establishes that Reed was charged in 2006 as a habitual offender with possession of methamphetamine, it does not establish that Reed pled guilty to being a habitual offender. Neither the 2006 nor the 2008 judgment and commitment order reflects that Reed was sentenced as a habitual offender. Moreover, in the record there is a document entitled "Additional Terms/Conditions of Disposition" that relates to Reed's 2006 judgment and commitment order, and it expressly provides that "habitual criminal is not pursued." Because there is no evidence in the record that Reed was convicted and sentenced as a habitual offender, Ark. Code Ann. § 5-4-501(a) does not apply. The applicable sentencing statute is Ark. Code Ann. § 5-4-401(a), and the sentences imposed by the trial court exceed the sentencing ranges set forth in that statute. Accordingly, we hold that the sentences are illegal and remand for resentencing.

Revocation affirmed; remanded for resentencing.

WALMSLEY and GLOVER, JJ., agree.

*Lesley Freeman Burleson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.