SLIP OPINION

2014 Ark. App. 311

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–1011

| | |
|---|---|
| | **Opinion Delivered:** May 14, 2014 |
| ROY MARTIN BARBER<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2010-1532] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | AFFIRMED |

## RHONDA K. WOOD, Judge

This is an appeal from a probation revocation. Roy Barber argues that the circuit court improperly revoked his probation when it admitted testimony at the revocation hearing that violated his confrontation rights. Because the court revoked on multiple, independent grounds, and Barber attacks only one on appeal, we affirm the revocation.

Barber pleaded guilty to possession of marijuana in 2011 and was sentenced to three years' probation. In 2013, the State filed a petition to revoke Barber's probation based on allegations that Barber had committed two new crimes: possession of marijuana and battery in the third degree. At the hearing, Barber made a confrontation–clause objection when the State asked a police officer if the battery victim had made any statements. The circuit court overruled the objection and allowed the testimony. The

court revoked Barber's probation after finding that he had committed battery and possessed marijuana in violation of his probation conditions.

When a circuit court expressly bases its decision on multiple, independent grounds, and an appellant challenges only one of those grounds on appeal, we affirm without addressing the merits of the argument. *Morgan v. State*, 2012 Ark. App. 357. Here, the circuit court revoked Barber's probation on two independent grounds: possessing marijuana and committing battery in the third degree. Barber's sole argument on appeal concerns an objection that affected only the battery charge. The objection was irrelevant to the possession-of-marijuana charge, and Barber does not challenge the finding that he was in possession of marijuana in violation of his probation. Because Barber failed to challenge both of the independent grounds relied on by the circuit court in revoking his probation, we affirm the revocation.

Affirmed.

WALMSLEY and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.