2014 Ark. App. 411

**Verlin L. SHERRIL, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–13–902.**

Court of Appeals of Arkansas.

June 18, 2014.

David L. Dunagin, Fort Smith, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

KENNETH S. HIXSON, Judge.

On June 7, 2010, appellant Verlin Sherril received a ten-year suspended imposition of sentence after pleading guilty to second-degree forgery. The conditions of the suspended sentence required Mr. Sherril to pay $3500 in restitution at a rate of $50 per month, and also prohibited him from violating any state law. On May 28, 2013, the State filed a petition to revoke

appellant's suspended sentence, alleging that he failed to pay restitution as ordered and committed the offense of first-degree battery. After a hearing, the trial court entered an order on July 15, 2013, revoking appellant's suspension and sentencing him to six years in prison followed by a four-year suspended imposition of sentence. Mr. Sherril now appeals from his revocation, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Mr. Sherril's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason each point raised cannot arguably support an appeal. Mr. Sherril was provided with a copy of his counsel's brief and notified of his right to file pro se points for reversal, and he has submitted a list of pro se points.

At the revocation hearing, the State introduced a ledger sheet showing that Mr. Sherril was significantly behind on his restitution payments. In his testimony, Mr. Sherril acknowledged that he owed restitution and that he had failed to make some of the payments.

The State also elicited testimony from Braxton Cole, who had been seriously injured by Mr. Sherril on May 16, 2013. On that day, the two men got into an argument outside of Mr. Cole's apartment, and Mr. Sherril stabbed Mr. Cole in the neck with a box cutter. According to Mr. Cole, he did not touch Mr. Sherril prior to being stabbed. As a result of the attack, Mr. Cole spent four days in the hospital and had four surgeries.

Arkansas Code Annotated section 16–93–308(d) (Supp.2013) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension, the court may revoke the suspension at any time prior to the time it expires. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Williams v. State*, 2014 Ark. App. 19, 2014 WL 171829. The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Id.* On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Cohen v. State*, 2013 Ark. App. 652, 2013 WL 5964527. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Williams, supra.*

In this appeal, Mr. Sherril's counsel accurately asserts that the only adverse ruling was the trial court's decision to revoke appellant's suspended sentence. Appellant's counsel further asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting revocation. The State clearly demonstrated that Mr. Sherril was significantly delinquent in paying his court-ordered restitution. Once the State introduces evidence of nonpayment, the defendant then bears the burden of going forward with some excuse for his failure to pay. *Palmer v. State*, 60 Ark.App. 97, 959 S.W.2d 420 (1998). Mr. Sherril offered no reasonable excuse for his failure to pay restitution. Although only one violation was necessary to revoke the suspension, the State also demonstrated that Mr. Sherril violated his conditions by committing first-degree battery, which is committed when, "[w]ith the

purpose of causing serious physical injury to another person, the person causes serious physical injury to any person by means of a deadly weapon." Ark.Code Ann. § 5–13–201(a)(1) (Repl.2013). For these reasons, the trial court's decision to revoke appellant's suspended sentence was not clearly against the preponderance of the evidence.

In Mr. Sherril's pro se points for reversal, he asserts that Mr. Cole is a liar and that he stabbed Mr. Cole in self defense. However, this amounts to a credibility challenge, and determinations of credibility are left to the trial court. Moreover, Mr. Sherril does not challenge the other, independent violation supporting his revocation, which was his inexcusable failure to pay restitution. The State proved that violation, and that alone was sufficient to revoke appellant's suspended sentence.

Mr. Sherril also claims that the police officer who took his custodial confession forged his name on the written *Miranda* warnings. To the contrary, the police officer testified that Mr. Sherril signed the *Miranda* warnings, voluntarily waived his rights, and told the officer he wanted to give a statement. Moreover, appellant made no motion to suppress his statement below.

Finally, Mr. Sherril asks this court to reduce his sentence. However, he does not assert that his sentence was illegal. Because his sentence was within the statutory range of punishment for second-degree forgery, the sentence was legal and the trial court was within its authority to impose it.

Based on our review of the record and the briefs presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that this appeal is without merit. Consequently, appellant's counsel's

motion to withdraw is granted and the judgment is affirmed.

Affirmed; motion granted.

WYNNE and BROWN, JJ., agree.