SLIP OPINION

Cite as 2015 Ark. App. 68

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–14–758

| | |
|---|---|
| CARLOS RENEE JOHNSON<br>APPELLANT | **OPINION DELIVERED** FEBRUARY 11, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. CR-2007-592A; CR-2008-1368; CR-2011-946] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Carlos Johnson appeals from a revocation of his suspended imposition of sentences (SIS) by the Sebastian County Circuit Court. He argues that the circuit court erred in granting the State's petition to revoke because he had a reasonable excuse for his failure to pay and because the State failed to prove that he committed second-degree battery in violation of the terms and conditions of his SIS. We affirm.

Appellant was serving a suspended imposition of sentence in three separate Sebastian County cases: CR-2007-592, possession of marijuana with intent to deliver, Class C felony, and possession of drug paraphernalia, Class C felony; CR-2008-1368, two counts of endangering the welfare of a minor, first degree, Class D felony; and CR-2011-946, possession of marijuana with intent to deliver, Class A misdemeanor, and possession of drug paraphernalia, Class C felony. Appellant had been ordered to pay fines and costs in at least

one of the cases, and the conditions of those SIS included that appellant not violate any laws and that he pay restitution, fines, and court costs.

On April 15, 2014, the State filed an amended petition to revoke appellant's SIS, alleging that he violated the conditions by committing the new offenses of second-degree battery and resisting arrest and by failing to pay court costs and restitution.[1] At the start of the hearing, the State introduced the restitution, fines, and fees ledger from one of the three cases without objection. The ledger showed no payments on the fines and costs and that only three separate restitution payments of $50 had been made as ordered.

The State introduced the testimony of Fort Smith Police Officer Brandon Djordjevic, who testified that on January 31, 2014, he was called as backup to assist Officer Alejandro Marin when contact was made with the appellant in an attempt to arrest appellant on an outstanding warrant. Officer Djordjevic testified that, when he grabbed him, appellant pulled back away from him, and that Officer Djordjevic slipped and hit his knee on the concrete curb. This caused an injury requiring two stitches, and he had to replace his boots, which cost him $150. He explained that the city paid for the cost of the uniform pants, which were torn, but he did not know the cost. On cross-examination, Officer Djordjevic stated that appellant did not strike him, but that he was just uncooperative and attempted to pull away.

---

[1]The State alleged two other grounds for revocation—that he committed third-degree assault and an additional count of second-degree battery—but the State informed the trial court before the revocation hearing that it would not be pursuing those allegations.

SLIP OPINION

Officer Marin testified that he had observed appellant standing on the street, looking around for no apparent reason, and pointing to objects as if talking to someone. Officer Marin stopped to ask what was going on, and appellant "got in his face." Officer Marin explained that he determined that there was an outstanding warrant for the arrest of appellant and called for backup. He confirmed that he and Officer Djordjevic attempted to grab appellant, and Officer Djordjevic fell, hurting his knee. He also testified that appellant resisted arrest by throwing several punches in the process. On cross-examination, Officer Marin acknowledged that he had stopped appellant to check and see if he was okay based on his observed behavior and that appellant's behavior suggested that he might be mentally ill.

The State rested and appellant's counsel argued for a directed verdict on the basis that the conduct of appellant was reckless and did not rise to the level of battery due to his mental state. The motion was denied by the circuit court. Appellant's sister, Alesha Johnson, testified on his behalf that appellant had been committed to St. Vincent Hospital in Little Rock in February 2014 and was given medication for his problems.

The circuit court made specific reference to the forensic examination by Dr. Deyoub and his statements that appellant (1) had an adequate understanding of the judicial system; (2) was able to control his own actions and make his own decisions; (3) did not lack the capacity to appreciate the criminality of becoming aggressive; and (4) had the capacity to conform his conduct to the requirements of the law. After the hearing, the circuit court revoked appellant's SIS, finding that the State had proved by a preponderance of the evidence that he committed the new offenses of second-degree battery and resisting arrest, and that he had

failed to pay his costs and restitution. The circuit court then sentenced appellant to three years in the Arkansas Department of Correction and eighteen years suspended. The sentencing order was filed of record on August 12, 2014. A timely notice of appeal was filed of record on August 20, 2014.

In order to revoke probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Bohannon v. State*, 2014 Ark. App. 434, 439 S.W.3d 735. In order to revoke a suspended sentence, the State need only prove that the defendant committed one violation of the conditions. *Sherril v. State*, 2014 Ark. App. 411, 439 S.W.3d 76. Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, this court defers to the circuit court's superior position. *Jefferson v. State*, 2012 Ark. App. 497. In addition, when the circuit court makes its decision based on multiple independent grounds, and the appellant fails to attack any independent, alternative bases, the appellate court will affirm. *See Barber v. State*, 2014 Ark. App. 311.

We hold that the revocations of appellant's SIS must be affirmed because he does not challenge one of the bases for them, specifically the new offense of resisting arrest. Because he left this independent, alternative ground for revocation unchallenged, the circuit court's ruling must be affirmed. *See Jefferson, supra.* We need not address the balance of appellant's

argument concerning the circuit court's finding that he had a reasonable excuse for his failure to pay the court-ordered fines, costs, and restitution, and that he committed second-degree battery. The State had to prove only one violation to establish that appellant violated the conditions of his suspended sentence. *Id.*

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.