

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-15-28

| | |
|---|---|
| | **Opinion Delivered** September 23, 2015 |
| DONALD JEFFERSON | |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [No. CR-2012-1146] |
| V. | |
| | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

### LARRY D. VAUGHT, Judge

Appellant Donald Jefferson appeals from an order of the Crittenden County Circuit Court revoking his probation and sentencing him to 120 months' imprisonment. On appeal, Jefferson contends that the circuit court clearly erred by finding that he (1) inexcusably failed to pay his costs, fines, and fees; (2) failed to lead a law-abiding life and was guilty of criminal trespass; (3) failed to lead a law-abiding life and was guilty of public intoxication; and (4) failed to abstain from the use of alcohol. We affirm.

On June 3, 2013, Jefferson pled guilty to nonsupport, a Class C felony, and was sentenced to 120 months' supervised probation. The State filed a petition for revocation on August 1, 2014.

At the revocation hearing on October 1, 2014, Amy Peyton, the collector and accountant for fines and costs for the Crittenden County Sheriff's Office, testified that Jefferson was assessed $100 in fines, $520 in costs, and $20,438.77 in restitution for back

child-support payments. She indicated that beginning on July 3, 2013, he was required to pay $100 per month. Jefferson never contacted Peyton to tell her why he had not made any payments or to tell her where he was working or living. She had not had contact with him since June 30, 2013.

In addition to Peyton, Constance Brown of the Department of Community Correction testified that she was assigned to supervise Jefferson's probation. She conducted his intake on June 3, 2013, and apprised him of the conditions of his probation and the conditions he had to live by during his probation. Brown stated that Jefferson indicated his understanding of the conditions, including that he had to pay $100 a month to the sheriff's office for fines, costs, and restitution beginning on July 3, 2013, and that he was obligated to pay a monthly supervision fee of $35 to the Department of Community Correction for the duration of his ten-year probation. She also stated that she advised him that he could not use alcohol, drugs, narcotics, or any other illegal substance and that he could not violate the laws of any jurisdiction. At the time of the revocation hearing, Brown testified that Jefferson owed $360 in supervision fees. Jefferson had made three payments totaling $130. When he reported to Brown, Jefferson informed Brown that he was doing "odds and ends jobs," such as painting and roofing.

Darnell Dickey also testified at the hearing. She stated that she owns a home at 137 21st Street, where her son lives. She assumed her son and Jefferson were friends. On May 3, 2014, she saw Jefferson asleep in the garage. She claimed that she had not given him permission to enter her house and that she had asked him several times not to come there anymore. Dickey stated that she could smell alcohol on his person and that he was passed

out. She called the police on that occasion, and Officer Lauren Dixon of the West Memphis Police Department was dispatched to the house. Officer Dixon testified that she found Jefferson passed out and unresponsive. It took several attempts for her to wake Jefferson, at which time he was not aware of where he was and barely knew his name or where he lived. She testified that he smelled of alcohol and that he was so unstable, she did not think he could perform a PBT (preliminary breath test). Officer Dixon took Jefferson to jail, and he was charged with public intoxication.

Officer Thomas Klingon, also a West Memphis police officer, testified that he encountered Jefferson on June 7, 2014, behind the Oak Terrace apartment complex. He indicated that there were several individuals sitting behind the complex in lawn chairs and that there were open alcohol containers. Officer Klingon saw a person pour a can of beer into a glass. Smelling a strong odor of alcohol coming from some of the individuals, he asked them if they would take a PBT test, and Jefferson agreed. The result of the test was 0.26.

At the close of the State's case, Jefferson moved to dismiss the trespass and loitering allegations. The trial court denied the motion as to the criminal trespass allegation on May 3, 2014, based on Dickey's testimony, but granted the motion as to the June 7, 2013 trespass allegation and the loitering allegation.

Jefferson testified in his own defense that it had been a while since he worked but that he had done mechanic work, roofing, and landscaping. He testified that he did "odds and ends" jobs to pay the $130 in probation fees. He acknowledged that he was supposed to pay $100 per month in restitution but did not pay anything to the sheriff's office because he

was not working. He testified that he had been drinking all day when Dickey saw him passed out in the garage, but he testified that he went to sleep. He also stated that he "blew a .26" when he was at the Oak Terrace apartment complex. Jefferson testified that he knew he could not pay $100 a month when he was put on probation because he was not working at the time.

Based on the testimony, the court found by a preponderance of the evidence that Jefferson failed inexcusably to comply with several conditions of probation, including condition number one that he pay all fines, costs, and restitution; condition number two that he live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law; and condition number three that he not use any alcoholic beverages. The sentencing order was entered on October 1, 2014, and Jefferson filed a timely notice of appeal on October 14, 2014.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2013) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension, the court may revoke the suspension at any time prior to the time it expires. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Sherril v. State*, 2014 Ark. App. 411, at 2–3, 439 S.W.3d 76, 78. The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Id.*, 439 S.W.3d at 78. On appeal, the circuit court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Id.*, 439 S.W.3d at 78. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the

SLIP OPINION

circuit court's superior position in this regard. *Ingram v. State*, 2009 Ark. App. 729, at 5, 363 S.W.3d 6, 9.

Jefferson argues that the circuit court erred in finding that he violated the third condition of his probation that he not use or possess any alcoholic beverage. There was testimony that Jefferson consumed alcohol on both May 3 and June 7, 2014. With regard to the May 3 incident, Officer Dixon testified that she smelled alcohol on Jefferson's person and that Jefferson was passed out. She stated that she had a hard time waking him and that he was so unstable when she did awaken him that she did not think she could perform a PBT. Officer Klingon testified that he smelled alcohol when he encountered Jefferson on June 7, 2014. Jefferson agreed to the PBT test, the result of which was 0.26. Jefferson himself testified that he had been drinking all day on May 3, 2014. Based on this evidence, the circuit court's decision that Jefferson used or possessed alcohol in violation of the conditions of his probation was not clearly against the preponderance of the evidence. Because the State only needed to prove that Jefferson violated one condition, we need not address his arguments in regard to the other violations. We affirm.

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*C. Brian Williams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.