

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–553

| | |
|---|---|
| SENGATHIT PHOUNSAVATH<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 3, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NOS. CR–2007–1021 AND CR–2007–1022]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Sengathit Phounsavath appeals the Sebastian County Circuit Court order revoking his suspended sentence. On January 30, 2008, he pleaded guilty to two charges of conspiracy to deliver methamphetamine, a class A felony, in two cases: CR–2007–1021 and CR–2007–1022. Phounsavath was sentenced to five years in the Arkansas Department of Correction plus fifteen years' suspended imposition of sentence on these charges. After a hearing on February 18, 2015, the circuit court found that Phounsavath had violated a condition of his suspension and sentenced him to five years in the Arkansas Department of Correction and to an additional suspended sentence of ten years, to run concurrently.

## I. *Facts*

At the hearing, Officer Joey Boyd of the Fort Smith Police Department testified that on August 27, 2014, he received information that a warrant had been issued for the arrest of

SLIP OPINION

Curtis Posey on narcotics charges and that Posey would be traveling on I–540 in a tan Honda CR-V driven by an Asian male. Officer Boyd testified that he was instructed to pull the vehicle over when he saw it. Officer Boyd recounted that he saw the likely vehicle, and, after witnessing the driver execute an abrupt lane change without signaling, he turned on his blue lights to indicate that the driver should pull over. Officer Boyd testified that when he turned on his blue lights he observed the occupants of the vehicle moving around in the car "suspiciously" as though they were "trying to retrieve something" and that it took "a long time" for the driver to pull over. When he reached the vehicle's window Officer Boyd recognized Posey, and he requested that the occupants exit the vehicle and stand in the grass by the interstate. Officer Boyd testified that he asked for consent to search and that Phounsavath, the driver, denied consent. Officer Boyd testified that he deployed the K-9 officer, who signaled that narcotics had been in the car. Officer Boyd testified that he conducted a search but did not find narcotics; instead, he found a .25-caliber pistol wrapped in a red bandana in the glove compartment. Neither Posey nor Phounsavath admitted to owning the gun, and Officer Boyd testified that Phounsavath stated that he had not known the gun was in the car.

Officer Boyd ran the tags on the car, which showed that the car did not belong to Phounsavath. Officer Boyd arrested Phounsavath for possession of a firearm. The State petitioned the court to revoke Phounsavath's suspended sentences on the following grounds: (1) he was a felon in possession of a firearm; (2) he had associated with a known felon; and (3) he had failed to appear at his revocation hearing. The State further alleged that

Phounsavath had failed to pay fines, costs, fees, and restitution related to the order from two other criminal cases, CR–2004–1056 and CR–2005–1322, and that he should be held in contempt.

The circuit court found that Phounsavath was in possession of a firearm and thus in violation of the condition of his suspended sentences for cases CR–2007–1021 and CR–2007–1022. The circuit court sentenced Phounsavath to five years in the Arkansas Department of Correction and to an additional suspended sentence of ten years, to run concurrently. Phounsavath filed a timely notice of appeal.

On appeal, Phounsavath argues that the evidence that he possessed the firearm was insufficient; therefore, the circuit court erred when it found that he had violated a condition of his suspended sentence. Phounsavath argues that the circuit court should have, at most, held him in contempt for not paying his fines, costs, fees, and restitution from the prior two cases (CR–2004–1056 and CR–2005–1322). We disagree, and we affirm.

II. *Standard of Review and Applicable Law*

Arkansas Code Annotated section 16-93-308(d) (Supp. 2013) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension, the court may revoke the suspension at any time prior to the time it expires. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Sherril v. State*, 2014 Ark. App. 411, at 2–3, 439 S.W.3d 76, 78. The State bears the burden of proof, but need only prove that the defendant committed one violation of the conditions. *Id*. On appeal, the circuit court's decision will not

be reversed unless it is clearly against the preponderance of the evidence. *Anglin v. State*, 98 Ark. App. 34, 36, 249 S.W.3d 836, 838 (2007). Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Sherril, supra*.

Constructive possession may be implied when contraband is in the joint control of the accused and another. *Webb v. State*, 2015 Ark. App. 257, at 6–7, 460 S.W.3d 820, 824–25. Joint occupancy alone is insufficient to establish possession or joint possession; the State must also prove that the accused exercised care, control, and management over the contraband and that the accused knew the matter possessed was contraband. *Id*. There must be some other factor linking the accused to the contraband, such as whether it is in plain view, whether it is found with the accused's personal effects, whether it is found on the same side of a car seat where the accused was sitting or in near proximity, and whether the accused is the owner of the automobile or exercises dominion and control over it. *Id*.

### III. *Analysis*

After reviewing the testimony, we hold that the circuit court did not err in finding that Phounsavath constructively possessed the gun and thus violated a condition of his suspended sentence. Officer Boyd testified that Phounsavath was driving the vehicle, and the glove compartment where the gun was located was in near proximity to the driver's seat where Phounsavath was sitting. Though Phounsavath was not the owner of the vehicle, he was exercising dominion and control of the car at the time he was pulled over. Officer Boyd testified that when he turned on his patrol car's blue lights, Phounsavath and the passenger

4

began moving around suspiciously and that at one point Phounsavath leaned over while driving. Officer Boyd also testified that it took a "long time" for Phounsavath to pull over to the side of the road. According to Officer Boyd's testimony, the gun was found in the glove compartment, which was within close proximity to Phounsavath. As we have stated, evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Sherril, supra*. Though the evidence in the form of Officer Boyd's testimony might fall short of what would be necessary to convict Phounsavath of criminal charges, it is sufficient for the revocation of his suspended sentence.

## IV. *Conclusion*

Giving deference to the circuit court in determining the credibility of the witnesses, we hold that the circuit court did not clearly err in finding that Phounsavath was in constructive possession of the firearm, and that his possession of the firearm was a violation of a condition of his suspended sentence. Because we find no error, we decline to address Phounsavath's assertion that circuit court should have held him in contempt for failure to pay fines and restitution.

Affirmed.

KINARD and GLOVER, JJ., agree.

*Joseph C. Self*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Rafael Gallaher*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.