
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–1043

| | |
|---|---|
| BOBBY LEE ROBERTSON<br>APPELLANT | **Opinion Delivered** September 7, 2016 |
| V. | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. CR–2014-54-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE SAM POPE, JUDGE |
| | AFFIRMED; REMANDED IN PART FOR CORRECTED SENTENCING ORDER |

## M. MICHAEL KINARD, Judge

Bobby Lee Robertson appeals from the revocation of his suspended imposition of sentence (SIS). In September 2014, appellant pleaded guilty to delivery of methamphetamine, a Class B felony, and was placed on five years' SIS. In July 2015, the State filed a petition to revoke, alleging that appellant had violated the conditions of his SIS by committing the crime of delivery of a controlled substance on five occasions in October and November 2014. At the conclusion of the revocation hearing, the trial court revoked appellant's SIS and sentenced him to twenty years' imprisonment.

David Tumey of the Arkansas State Police testified that an informant, Shundra Williams, told him that she could purchase prescription morphine pills from appellant. Tumey testified that he searched Williams, equipped her with an undercover video camera, gave her drug-buy money, and dropped her off near the meeting location. Tumey and

another detective drove by the meeting house and saw appellant in the carport. Williams walked to the house, and the conversation she had with appellant was recorded. Appellant is seen on the video handing five white pills to Williams. Williams then walked back to meet Tumey and handed over five white pills. A forensic chemist from the state crime laboratory testified that the pills were morphine.

Williams testified that at the time of this controlled buy, she had three charges for delivering drugs for which she received probation, and she had previously served time in prison in Wisconsin. On cross-examination, Williams said that she was not searched before walking to meet appellant and that the officers had no reason to search her. She denied exchanging the pills that appellant sold her for something else before returning to the officers.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2015) provides that if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension, the court may revoke the suspension at any time prior to the time it expires. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence. *Sherril v. State*, 2014 Ark. App. 411, 439 S.W.3d 76. The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Id.* On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Id.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id.*

Appellant concedes that the video introduced into evidence "appear[s] to show the confidential informant receiving pills from appellant," but he contends that it is impossible to know if those pills were the same ones turned over to the detectives and found to be morphine. He argues that Williams, who admitted that she was facing charges and had not been searched before the transaction, had ample opportunity to discard the pills received from him and substitute previously concealed morphine pills in their place. As the State notes, Williams testified that the pills appellant sold to her in the video were the ones she turned over to the police. Giving deference to the trial court's determination of witness credibility and the weight to be afforded testimony, we hold that the revocation was not clearly against the preponderance of the evidence.

Appellant also argues that the revocation proceeding was void because his underlying sentence of SIS was illegal. Appellant relies on Arkansas Code Annotated section 5-4-301(a)(2)(A) (Supp. 2015), which states that if it is determined pursuant to section 5-4-502 that a defendant has previously been convicted of two or more felonies, the court shall not suspend imposition of sentence.[1] When appellant was placed on SIS, however, it had not been determined that he had previously been convicted of two or more felonies. Although the information filed against him in February 2014 alleged that he had previously been convicted of more than one felony, his September 2014 plea statement and sentencing

---

[1]Arkansas Code Annotated section 5-4-502 (Repl. 2013) governs the procedure at trial when a sentence to an extended term of imprisonment is sought pursuant to section 5-4-501, the habitual-offender sentencing statute.

SLIP OPINION

order reflect that he was not charged, convicted, or sentenced as a habitual offender. Thus, section 5-4-301 did not preclude an order of SIS.

Evidence of prior felony convictions introduced by the State at the conclusion of the revocation hearing had no bearing on appellant's prior sentence of SIS or the applicable sentencing range that he was subject to upon revocation. Because appellant was not determined to be a habitual offender when his plea was accepted and he was placed on SIS, he could not be sentenced as a habitual offender upon revocation of that SIS. *See Reed v. State*, 2014 Ark. App. 10. Appellant's twenty-year sentence upon revocation does not exceed the nonhabitual range for Class B felonies, but the sentencing order erroneously reflects that he was sentenced as a habitual offender. Accordingly, we remand in part for entry of a corrected sentencing order. *See id.*

Affirmed; remanded in part for corrected sentencing order.

WHITEAKER and HIXSON, JJ., agree.

*Joseph P. Mazzanti III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.