Sidney C. FITZPATRICK *v.* STATE of Arkansas

CA CR 82-126                                  647 S.W.2d 480

Court of Appeals of Arkansas
Opinion delivered March 9, 1983
[Rehearing denied April 6, 1983.]

*Macom, Moorhead, Green & Henry,* by: *David G. Henry,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal of an order revoking probation.

On June 2, 1981, appellant pled guilty to a charge of burglary. He was placed on probation for five years subject to several conditions. One condition was that he would obey all federal and state laws, local ordinances, and court orders, and immediately report all arrests to his probation officer.

On April 7, 1982, appellant was arrested and charged with aggravated robbery and theft of property for the armed robbery of a liquor store clerk. Based on those charges, the state filed a petition to revoke his probation.

After a hearing, the trial court revoked the probation and sentenced appellant to a term of twelve years imprisonment on the 1981 conviction. Appellant's first contention is that the trial court erred in allowing the state to introduce testimony concerning a statement made by an alleged accomplice.

A deputy sheriff testified over appellant's objection about a written statement given by Travis Burse, one of the alleged accomplices in the 1982 liquor store robbery. Burse did not appear as a witness at the hearing and consequently did not testify in person. Appellant contends that this testimony was a violation of the hearsay rules and of his constitutional right to confront the witnesses against him.

Arkansas Uniform Evidence Rule 1101 (b) (3) provides that the rules do not apply to proceedings for granting or revoking probation. Ark. Stat. Ann. § 28-1001 *et seq.* (Repl. 1979). Relevant evidence which is not admissible at a criminal trial may be admissible at a revocation hearing. *Lockett* v. *State,* 271 Ark. 860, 611 S.W.2d 500 (1981). There is no doubt that the statement of Burse concerning appellant's actions on April 7, 1982, and the details of the commission of the crime alleged on that date constitutes relevant evidence. As to the contention that evidence of the contents of Burse's statement violated appellant's right to confrontation, there are two answers.

First, the issue is raised here for the first time. The only objection in the trial court was that the statement is hearsay and "not admissible in evidence against Mr. Fitzpatrick." The judge's response was that the "rules of evidence just simply do not apply in probation hearings." We do not think this was sufficient to raise the confrontation issue below and, therefore, it need not be considered here. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).

In the second place, we do not find anything crucial or devastating disclosed by the references to Burse's statement. The substance of the statement is disclosed by other evidence, particularly the testimony of the appellant himself. Thus, we fail to see how appellant was prejudiced in this regard. *See Dutton* v. *Evans,* 400 U.S. 74 (1970). We do note, however, that he is correct in stating that the trial court made no specific finding of any cause for not allowing confrontation as is required under Ark. Stat. Ann. § 41-1209 (3) (a) (Repl. 1947). Although we find no error in this case, we think it should be pointed out that the statements about confrontation in *Lockett, supra,* may well relate only to the situation there involved.

Appellant also contends that the trial court erred in allowing the probation officer to testify as to appellant's statement to him because the probation officer had not warned appellant of his rights under *Miranda* v. *Arizona,* 384 U.S. 436 (1966).

Ray Williams, appellant's probation officer, testified that the sheriff called him to report that appellant was in custody on the charge of robbing a liquor store clerk. Williams testified that although appellant was supposed to report his arrest, appellant had not called him. So Williams telephoned appellant at the jail and took a routine statement from him for a probation report. Over appellant's objection, the probation officer testified about the statement appellant gave him over the telephone.

Appellant states that there was no testimony that the probation officer advised appellant of his rights against self-incrimination prior to this custodial interrogation, and that appellant's statement was therefore inadmissible under *Miranda* v. *Arizona, supra.* However, Investigator Davidson of the Arkansas State Police testified that he had advised the appellant as to his Miranda rights about a week before Williams talked to him. Appellant argues that this seven-day delay does not satisfy the *Miranda* rule and relieve the probation officer from the requirement of so advising appellant again before taking his statement.

The Arkansas Supreme Court recognized in *Upton* v. *State*, 257 Ark. 424, 516 S.W.2d 904 (1974), that there has been no previous attempt to set up a fixed limit on the interval of time which must elapse before a new warning is necessary. *Upton* involved the review of a judgment of conviction, here we review a probation revocation proceeding, where fundamental fairness, with an opportunity to be heard, is all that is required. *Lockett* v. *State, supra*. Although there does not appear to be an Arkansas case directly on point, we note that it has been uniformly held in other jurisdictions that a probationer's statement obtained by probation officers without first advising the probationer of his Miranda rights is admissible in revocation proceedings. Annot., 77 A.L.R.3d 669, 674 (1966); *accord, Childers* v. *Commonwealth*, 593 S.W.2d 80 (Ky. Ct. of App. 1979).

In the instant case, it is uncontroverted that appellant had previously been advised of his rights by the investigator, and it appears from the record that appellant is not a complete stranger to criminal proceedings. We hold that the trial court did not err in allowing the probation officer to testify about the telephone conversation with appellant.

Appellant's final contention is that the trial court's finding that appellant had violated the terms of his probation is not supported by a preponderance of the evidence.

Testimony at the hearing reveals that on April 7, 1982, appellant, accompanied by Travis Burse and Leonard Keys, drove his car from DeWitt to Gillett, Arkansas. According to appellant, Burse and Keys had discussed robbing a bank, but said they'd leave it alone when appellant told them he wanted no part of robbing a bank. He admitted that when the three got to Gillett it was mentioned that they could not rob the bank when it was noticed that it was directly across the street from City Hall, and appellant says he again told them that he wanted no part of robbing it.

Appellant testified that after arrival at Gillett, he stopped the car and went into a parts store located next door to a liquor store. He said it was only after he came out of the store and picked up Burse and Keys down the street at a

motel parking lot that he learned they had a gun and had used it to rob the liquor store. Appellant testified that he told them that he wanted no part of that, but was told by Burse to "Shut up, and drive," and since Burse had a gun in his hand, appellant did what Burse told him.

He then drove to Casscoe, where they stopped at a grocery store and where Burse and Keys went inside and bought a six-pack of beer while he waited outside in the car. He admitted he could have left then, but said he didn't think about it. After Burse and Keys got back into the car, the appellant drove on towards Stuttgart before being stopped at a roadblock by police officers. There was testimony that approximately $371.00 was taken during the armed robbery and that the officers found approximately $354.00 and a .38 caliber pistol in appellant's vehicle.

While the evidence as to appellant's accomplice liability could be stronger, we find it to be sufficient to justify the revocation of his probation. In a similar revocation case, *Redman* v. *State,* 265 Ark. 774, 784, 580 S.W.2d 945 (1979), the supreme court stated:

> Under present law, there is no distinction between the criminal responsibility of an accomplice and the person who actually commits the offense. . . . Presence of an accused in the proximity of a crime, opportunity, and association with a person involved in the crime in a manner suggestive of joint participation are relevant facts in determining the connection of an accomplice with the crime.

Each of the relevant factors discussed in *Redman* appear to be present in the instant case. Although appellant's testimony as to his involvement is to the contrary, the trial court was not required to believe him since he was the witness most interested in the outcome of the revocation proceeding. *Core* v. *State,* 265 Ark. 409, 578 S.W.2d 581 (1979).

It is settled that in revocation cases the appellate court will not overturn a decision of the trial court granting a

petition to revoke unless it is clearly against a preponderance of the evidence. *Peppers v. State*, 3 Ark. App. 166, 623 S.W.2d 544 (1981). We find that the trial court's decision in this case was not clearly against the preponderance of the evidence.

Affirmed.