Darrell A. ROBINSON *v.* STATE of Arkansas

CA CR 84-117                                684 S.W.2d 824

Court of Appeals of Arkansas
En Banc
Opinion delivered Febrary 20, 1985

*William R. Simpson, Jr.,* Public Defender, by: *Thomas J. O'Hern,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. In this revocation case, appellant raises one issue: The trial judge erred in revoking appellant's suspended imposition of sentence in violation of his constitutional right to due process because appellant was not given notice of the basis for his revocation nor was

he afforded a meaningful opportunity to be heard on it. We agree and therefore reverse this cause for further proceedings.

On September 27, 1982, the appellant entered a guilty plea to two counts of forgery and was given a five-year suspended imposition of sentence conditioned upon his not violating any law or the court's written rules of conduct. On February 14, 1984, appellant was charged as a habitual offender based on one count of robbery and one count of misdemeanor theft by receiving. As a result of these new charges, the State also petitioned to revoke appellant's suspended imposition of sentence. On March 6, 1984, the trial court, at the close of the State's case, directed a verdict in favor of appellant, acquitting him of the robbery and theft by receiving charges. Immediately following appellant's acquittal, the court, without objection by appellant, heard the State's revocation petition. At that hearing, the State's only additional witness was the court's probation officer through whom the State introduced a copy of the rules and conditions previously given appellant. Both sides rested; the court then revoked the appellant's suspended imposition of sentence, finding him guilty of third degree battery.

After the court's decision to revoke, the following dialogue ensued:

MR. SIMPSON (Appellant's Attorney): I think the defendant [appellant] would like to ask you a question, your Honor.

THE COURT: All right.

DARRELL ROBINSON [Appellant]: Who have I supposed to hit and assaulted, your Honor?

THE COURT: Mr. Mohammad.

DEFENDANT [Appellant]: Who?

THE COURT: Mr. Mohammad has testified that you hit him and so has his employee, Ms. Ruple.

DEFENDANT [Appellant]: Did he testify that he hit me first?

THE COURT: No sir.

DEFENDANT [Appellant]: Well, I got marks and bruises on my body that this man struck me first.

THE COURT: The only thing I have to deal with here is the evidence that has been produced before this court.

DEFENDANT [Appellant]: *But I ain't been charged with no assault and battery.*

THE COURT: *You don't have to be charged with assault and battery in order for me to revoke you. You are not to do anything, commit any offense that is punishable by law. When you struck Mr. Mohammad.* . . .

DEFENDANT [Appellant]: *After he hit me.*

THE COURT: *There is no evidence that he hit you.*

DEFENDANT [Appellant]: There is no evidence that I hit him.

THE COURT: Yes there is. There is evidence from Ms. Ruple, and Mr. Mohammad. *There is no evidence whatsoever that I heard in this case today that he struck you. That will be the ruling of the court. You have 30 days in which to file a notice of appeal and designation of record.*

On appeal, appellant contends that the State's petition for revocation set out the crimes of robbery and theft by receiving and that it was only after hearing the evidence that the judge revoked appellant's probation, finding he had committed third degree battery. The State responds by arguing that battery is a lesser included offense of robbery.[1]

---

[1]Although the State does not argue the point, the dissent suggests affirmance in part because appellant failed to properly raise the notice issue. Because the appellant, himself, made known in clear terms that he had not been charged with battery after the court so found, the majority finds no merit in the suggestion that this issue was not raised.

Thus, since appellant's robbery charges included the same proof needed to prove battery, the State argues the appellant's contention that he was given no notice of the battery charge is without merit.

We reject the State's argument. As we pointed out in *Williams* v. *State*, 11 Ark. App. 11, 665 S.W.2d 299 (1984), battery is not a lesser included offense of robbery. Here, the court found the appellant committed third degree battery under Ark. Stat. Ann. § 41-1603(1)(a) (Repl. 1977). Section 41-1603(1)(a) provides that a person commits battery in the third degree if with the purpose of causing physical injury to another person, he causes physical injury to any person. Appellant was charged with violating Ark. Stat. Ann. § 41-2103(1) (Repl. 1977), robbery, which is consummated if with the purpose of committing a theft or resisting apprehension immediately thereafter, a person employs or threatens to immediately employ physical force upon another. Clearly, third degree battery requires proof of physical injury while robbery calls for the employment of physical force with no physical injury necessary.[2]

Appellant's case is based primarily upon *Morrissey* v. *Brewer*, 408 U.S. 471 (1972), and *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973). In fact, Arkansas' procedures for probation revocation hearings set out in Ark. Stat. Ann. § 41-1209 (Repl. 1977), are designed to comply with the *Gagnon* decision which extends to such proceedings the same due process requirements that earlier had been applied to parole revocation proceedings by the Supreme Court in *Morrissey*. Under such procedures, a probationer is entitled to: (1) notice of the alleged violations of probation, (2) an opportunity to appear and (3) present evidence in his own behalf, (4) a conditional right to confront adverse witnesses, (5) an independent decision maker and (6) a written report of the hearing.

---

[2] The State cites *Sanders* v. *State*, 279 Ark. 32, 648 S.W.2d 451 (1983) in support of its argument that battery is a lesser included offense of robbery. *Sanders*, however, involved the offenses of aggravated robbery and first degree battery which are inapposite here.

Appellant argues that the State said nothing to indicate that battery would be urged as the basis for his revocation until after the revocation hearing and before he was sentenced to three years imprisonment. At his trial on the robbery and theft charges, appellant limited his cross-examination of the State's witnesses to these two charges. As previously noted, he moved for and was granted a directed verdict on these charges, and he determined it unnecessary to offer any testimony at the revocation hearing, assuming the State was relying on these same robbery and theft charges as the basis of its revocation petition. Appellant contends that had he known battery would be the basis for his revocation, he could have raised the defense of justification — which at the conclusion of the revocation hearing is reflected by his remarks that Mr. Mohammad hit him first. Appellant claims he was not afforded an opportunity to cross-examine any witnesses concerning an alleged battery charge nor did he know to present evidence to refute or to defend against such a charge.

Appellant's arguments have merit. We find his notice argument similar to that affirmed in *Hawkins* v. *State,* 251 Ark. 955, 475 S.W.2d 887 (1972).[3] In *Hawkins,* the State filed a revocation petition based upon the single ground that the defendant was guilty of grand larceny. The trial court revoked Hawkins' suspension, not upon the grand larceny charge, but upon a finding that she had been drinking whiskey, possessed whiskey, engaged in prostitution or adultery and lived with another woman whom the court found to be dishonest. On appeal, Hawkins contended, as does appellee here, the State did not give her proper notice of the reasons or basis for its petition to revoke her suspension. In reversing and setting aside the trial court's order, the Supreme Court said:

In the case at bar the petition for revocation was

---

[3]The Supreme Court decided this case prior to the United States Supreme Court's *Morrissey* and *Gagnon* cases and before enactment of Arkansas' statutory revocation procedures compiled in Ark. Stat. Ann. § 41-1209. Nonetheless, *Hawkins* has never been overruled and the due process procedures required by our Supreme Court in *Hawkins* are clearly consistent with those requirements set forth in § 41-1209.

> based soley upon the assertion that the defendant had committed grand larceny. At the hearing, however, *the court permitted the prosecution to go far beyond its own pleading and to offer proof of the various forms of misconduct that were ultimately found by the court to have existed. That procedure is fundamentally unfair, for a defendant cannot properly prepare for the hearing without knowing in advance what charges of misconduct are to be investigated as a basis for the proposed revocation of the probation.*

*Id.* at 956-57, 475 S.W.2d at 888 (emphasis supplied).

In the instant case, appellant had no opportunity to prepare to defend himself against a battery charge because that charge was not even mentioned until both the State and the appellant had rested. Such failure of due process cannot be remedied by this Court's placing the burden upon the appellant by suggesting that after the trial court had used third degree battery to revoke his suspension, he immediately should have recalled all the State's witnesses to recross-examine them concerning this newly-disclosed charge.[4] It is the State's burden to properly notify the appellant regarding the basis upon which it seeks to revoke his suspension, and this Court is unable to relieve the State of that burden by requiring the appellant to present a "last minute" defense to a charge which could have been duly set forth in the State's revocation petition. This is especially true, when as here, the trial court had already expressed in unqualified terms its position that appellant did not have to be charged with battery in order for it to revoke his suspension. Without due notice by the State of its basis for seeking to revoke suspension, a defendant is left to speculate upon what charges might emanate from the State's evidence on the day of the revocation hearing. Procedural due process cannot be met by allowing the State to proceed in the fashion it suggests.

---

[4]In oral argument, it was suggested that after the appellant was told he was guilty of battery, he should have offered to call witnesses or to testify in order to contradict such charge.

Reversed and remanded.

CRACRAFT, C.J., and MAYFIELD, J., dissent.

MELVIN MAYFIELD, Judge, dissenting. I do not agree with the majority opinion in this case because, in my judgment, (1) it reverses a trial judge's decision that is clearly supported by the evidence, (2) it reverses the judge's decision despite the fact that the appellant had a fair trial, (3) it reverses the judge's decision on a technicality that puts form over substance; and (4) it reverses the judge's decision for reasons not presented to the judge, but raised on appeal for the first time.

There is evidence in the record to the effect that on December 14, 1983, Mr. Hassan Mohamad, who was the manager of a 7-11 store at 16th & Pike in North Little Rock, came out of the back room of the store, saw the appellant squatting down behind a shelf, and watched him pick up a carton of cigarettes and put them under his jacket. The appellant was told that he would have to pay for the cigarettes, and the manager walked over to the front door of the store because he thought appellant might try to run out that door. After walking around the store and picking up about sixty or seventy dollars of merchandise which he put on the counter, the appellant then walked up to the front door and told the manger he was going outside to make a telephone call.

The manager told appellant he had to pay for the cigarettes before he left and told a lady employee to call the police because "I believe we've got a shoplifter." At that point appellant began screaming and hollering and started hitting the manager who then opened the door and pushed the appellant outside and told him to leave. In the meantime, the lady employee, who watched the whole episode, had called the police. They arrived shortly thereafter and, a short time later, arrested appellant at another 7-11 store.

Both the manager and his employee testified as did two of the police officers who were called to the store. The

manager testified that he never hit the appellant, but that appellant hit him in the eye and that it turned red and hurt for three days. One of the officers testified that there was a slight swelling on the left side of the manager's face and that he had a red, discolored eye.

At the time of his arrest, the appellant was on a five-year suspended sentence, and as a result of the occurrence at the store, he was charged with robbery and misdemeanor theft and a petition to revoke his suspended sentence was filed. The Information charging robbery and theft contained the allegation that on December 14, 1983, the appellant:

employed physical force upon Honarmand Hassan Mohamad, agent of 7-Eleven Store, with the purpose of resisting apprehension immediately after committing a theft, against the peace and dignity of the State of Arkansas.

The petition for revocation stated that the appellant violated the terms of his suspended sentence because on December 14, 1983, he "was guilty of the crimes of Robbery and Misdemeanor Theft. . . ."

On March 6, 1984, the criminal charges and the petition to revoke were tried together by a judge without a jury. It is agreed that the criminal charges were tried first, but that the evidence in that hearing was made a part of the evidence in the revocation hearing. Appellant was represented by counsel at both hearings and he cross-examined the manager of the store and his employee. The appellant did not testify. At the conclusion of the evidence on the criminal charges, the appellant's attorney moved for a directed verdict. He argued that since the evidence showed, and the store manager admitted, that the manager did not actually try to stop the appellant from leaving the store, any physical force employed upon the manager by appellant was not for the "purpose of resisting apprehension immediately after committing a theft." Appellant's counsel told the judge:

Your Honor, our position is that there may have been some criminal activity there but the charge of

robbery is incorrect. It may have been something else —attempted theft, *it may have been battery*, it may have been something else. But not robbery. (Emphasis supplied.)

The judge, noting that the evidence did not show that appellant actually took any of the merchandise out of the store, granted the motion and dismissed the criminal charges of robbery and theft. He then announced they would proceed with the revocation hearing. The state called the probation officer who produced a form, signed by appellant, and which contained the written conditions of appellant's suspended sentence, and it was introduced into evidence. One condition on the form provided that appellant would not violate any state law punishable by imprisonment during the period of his suspended sentence. No other evidence was offered and the court heard the arguments of counsel. Counsel for the state argued that, while technically the appellant may not have committed robbery, the evidence did show that appellant had committed a third degree battery upon the store manager, and that there was, at least, an attempted theft from the store. Significantly, the complete argument of appellant's counsel in reply was as follows:

Your Honor, I think the question the Court has to decide here is whether the State has in fact established *that* by a preponderance of the evidence. Of course, the burden of proof here is a little bit different. Less than proof beyond a reasonable doubt. And I think the Court has heard the facts and we will leave that to the Court's discretion. (Emphasis added).

The court then found that appellant had committed the crime of battery in the third degree, revoked the suspended imposition of sentence, and sentenced the appellant to three years in the Department of Correction. The dialogue that then occurred is set out in the majority opinion. I think the evidence that I have just summarized establishes the points listed in my opening paragraph.

(1) Certainly the court's finding that appellant com-

mitted third degree battery upon the store manager is not clearly against the preponderance of the evidence. That, of course, is our standard of review in revocation cases. *Pearson v. State,* 262 Ark. 513, 558 S.W.2d 149 (1977); *Fitzpatrick v. State,* 7 Ark. App. 246, 647 S.W.2d 480 (1983). Third degree battery is purposefully or recklessly causing physical injury to a person and it is a class A misdemeanor. Ark. Stat. Ann. § 41-1603 (Repl. 1977). Punishment for a class A misdemeanor shall not exceed one year imprisonment. Ark. Stat. Ann. § 41-901 (Supp. 1983). The written condition of appellant's suspended sentence provides that he will not commit any crime punishable by imprisonment.

(2) With the exception of notice of his alleged violations of probation, there can be no question but what the appellant received a fair trial. He had a hearing before a judge, he was present at the hearing, he was represented by counsel, he had the opportunity to present evidence and to cross-examine witnesses, he was furnished a written judgment of the revocation, and he was afforded all the rights required by the State of Arkansas, and all the Federal due process requirements set out in *Morrissey v. Brewer,* 408 U.S. 471 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778 (1973).

(3) As to the notice issue, the information charged appellant with robbery committed on December 14, 1983, by the use of physical force upon the store manager with the purpose of resisting apprehension immediately after committing a theft. The petition to revoke alleged appellant violated the terms of his suspended sentence because on December 14, 1983, he was guilty of the crimes of robbery and theft. All that is required by Arkansas law is that he "be given prior notice of the time and place of the preliminary hearing, the purpose of the hearing, and *the conditions of suspension or probation he is alleged to have violated.*" Ark. Stat. Ann. § 41-1209(1)(Repl. 1977). It is abundantly clear that the appellant was informed of the factual allegations that would be involved in his revocation hearing. Only by the sheerest technicality — one that absolutely puts form over substance — can it be said that the appellant did not have sufficient notice of the conditions of his suspension that he was alleged to have violated. While it may be true

that battery is legally not a lesser included offense of robbery, it is also true that one who is alleged to have employed physical force on a person to resist apprehension immediately after committing a theft, is in truth and fact apprised of the need to defend against the charge of purposefully or recklessly causing physical injury to that person.

(4) The rule is well established in this state that cases will not be reversed on points not presented to the trial court but argued for the first time on appeal. *See Wicks* v. *State,* 270 Ark. 781, 785, 606 S.W.2d 366 (1980), where the court said: "in hundreds of cases we have reiterated our fundamental rule that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court." *See also Weston* v. *State,* 265 Ark. 58, 62, 576 S.W.2d 705 (1979), where the court said: "Nor will we afford relief which is not first sought in the trial court and denied."

As we have already set out, the record in the present case discloses that at the end of the revocation hearing the state's attorney argued that the evidence showed that appellant had committed a third degree battery. However, instead of objecting to that issue being considered as *Wicks* would require, the appellant's attorney told the court this was a factual issue for the court to decide.

Moreover, after the court had ruled, the appellant himself never asked the court to set aside its ruling and let him cross-examine the witnesses who had testified, or to let him testify or call other witnesses, or that he be given a continuance for time to get prepared to meet the "new" issue injected into the case by the state's argument. Contrary to the requirement of *Weston,* the appellant sought no relief from the trial court, but waited until he got to this court and now asks us to tell the trial judge to do something the appellant did not ask the trial judge to do when appellant stood before him.

I would affirm the trial court's judgment.

CRACRAFT, C.J., joins in this dissent.