Alizia PHILLIPS *v.* STATE of Arkansas

CA CR 91-321                                      840 S.W.2d 808

Court of Appeals of Arkansas
En Banc
Opinion delivered November 4, 1992

*William R. Simpson, Jr.*, Public Defender and *Jerry J. Sallings*, Chief Deputy Public Defender, by: *Bret Qualls*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. This is an appeal from a decision revoking Alzia Phillips' probation and sentencing him to six years in the Arkansas Department of Correction. On appeal, appellant contends that the trial court erred in revoking his probation in violation of his due process right to notice of the basis for his revocation. We disagree and affirm.

On February 12, 1988, appellant was found guilty of possession of a controlled substance, cocaine, and was placed on probation for six years, ordered to pay a $500 fine and to comply with written probation conditions. On October 30, 1989, the prosecuting attorney filed a petition for revocation alleging that

the appellant had violated the terms of his probationary sentence on or about October 18, 1989, by committing the crimes of misdemeanor theft of property and disorderly conduct. Appellant admitted the violation and the court extended his probation to March 8, 1994. The prosecutor subsequently filed a petition for revocation on November 21, 1990. The prosecutor claimed that the appellant had violated the terms of his probation alleging that he had committed the offense of delivery of a controlled substance on October 30, 1990, and had failed to keep supervision fees current.

The charge of delivery of a controlled substance was dismissed after a bench trial held on August 20, 1991. The revocation hearing was held immediately following the dismissal. During the trial, Officer Larry Paul Garrison testified that he purchased three rocks of what was purported to be cocaine from appellant. There was also evidence introduced showing that the serial number on a twenty dollar bill found in appellant's possession matched the number Officer Garrison had copied from the money used in the transaction. Appellant interposed an objection to the introduction of the three rocks that Garrison purchased on chain of custody grounds. The court overruled the objection and admitted the three rocks, along with a fourth rock that was found in the same evidence baggy. Garrison surmised that this fourth rock was found on appellant's person in the search incident to his arrest. There was testimony given by the chemist from the crime lab identifying the rocks purchased by Garrison as aspirin, while the fourth rock showed a positive analysis for cocaine. Under these circumstances, the court on its own motion dismissed the charge of delivery of a controlled substance as the evidence revealed that the rocks purchased by Garrison were aspirin. Based on the evidence offered at trial, the court, however, found that appellant had violated the terms of his probation by delivering a counterfeit substance, and revoked appellant's probation.

Appellant claims he was not provided adequate notice of the charge against him because the state's petition alleged a charge of delivery of a controlled substance, not delivery of a counterfeit substance. Probation revocation, like parole revocation, is not a stage of a criminal prosecution, even though it does result in the loss of liberty. Consequently, a person on probation is

not entitled to the full panoply of rights afforded a defendant in a criminal prosecution. *Lawrence v. State*, 39 Ark. App. 39, 839 S.W.2d 10 (1992). Fundamental fairness, with an opportunity to be heard, is all that a probationer is entitled to demand. *Lockett v. State*, 271 Ark. 860, 611 S.W.2d 500 (1981); *Fitzgerald v. State*, 7 Ark. App. 246, 647 S.W.2d 480 (1983). The notice required for revocation of suspension or probation is provided for in Ark. Code Ann. § 5-4-310(3) (1987), which requires that the defendant be given prior notice of the time and place of the preliminary hearing, the purpose of the hearing, and the conditions of suspension or probation he is alleged to have violated.

In support of his argument, appellant cites *Robinson v. State*, 14 Ark. App. 38, 684 S.W.2d 824 (1985). In *Robinson*, the appellant was charged with robbery and theft by receiving. Robinson was acquitted of all charges. His revocation hearing followed the trial and the court revoked his suspended sentence finding that there was evidence he had committed third degree battery. Our court reversed, finding inadequate notice because, under the circumstances, the appellant had not had the opportunity to present a defense for the offense of third degree battery. Our court noted, that without due notice by the state of its basis for seeking to revoke suspension of sentence, a defendant is left to speculate upon what charges might emanate from the state's evidence on the day of the revocation hearing.

This case, however, is distinguishable from *Robinson*. In *Robinson*, we relied heavily upon the fact that the record revealed that Robinson was not afforded the opportunity to defend against the charge of third degree battery. In the instant case, however, appellant made no claim of surprise, nor did he seek a continuance or indicate the necessity of altering his defense to meet the circumstances. Appellant merely asserted that he was not accorded notice of the charge against him for revocation. When error is alleged, prejudice must be shown because we do not reverse for harmless error. *Bonds v. State*, 298 Ark. 630, 770 S.W.2d 136 (1989); *Phillips v. State*, 25 Ark. App. 102, 752 S.W.2d 301 (1988). It is the appellant's burden to demonstrate prejudicial error, not merely to allege it. *Snell v. State*, 290 Ark. 503, 721 S.W.2d 628 (1986). In our view, appellant has demonstrated no prejudice resulting from his probation being revoked based on evidence that he delivered a counterfeit substance, as

opposed to a controlled substance. Unlike the situation in *Robinson*, we cannot say that appellant was denied an opportunity to be heard, or that fundamental fairness was lacking.

■ Also, the offenses in this situation contain essentially the same elements to be proven. Arkansas Code Annotated § 5-64-401(a) (1987) states, in part, that it is unlawful for any person to deliver a controlled substance; while Ark. Code Ann. § 5-64-401(b) (1987) states, in part, that it is unlawful for any person to deliver a counterfeit substance. The similarity between each offense supports the conclusion that appellant was accorded adequate notice. We think a finding of delivery of a counterfeit substance naturally flows from an allegation of delivery of a controlled substance, when the substance actually delivered is shown to have been a counterfeit substance. Consequently, we do not find that appellant's right to due process was offended.

Affirmed.

COOPER and MAYFIELD, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I disagree with the majority's conclusion that the appellant was provided adequate notice of the charge against him. The appellant, charged with and acquitted of delivery of a controlled substance, was immediately after trial found to have violated the conditions of his probation by committing a different offense, delivery of a counterfeit substance. This set of circumstances is precisely analogous to those presented in the case of *Robinson v. State*, 14 Ark. App. 38, 684 S.W.2d 824 (1985), where the appellant was charged with robbery and theft by receiving, acquitted, and revoked for committing a different offense, third degree battery.

The majority attempts to distinguish *Robinson, supra*, on the ground that the circumstances of that case resulted in greater prejudice to the defendant. I cannot agree. First, it should be noted that the appellant in *Robinson, supra*, admitted in open court that he hit the victim; all that was at issue in that case was the appellant's asserted defense of justification. Certainly the appellant in the present case, who admitted no wrongdoing, was equally prejudiced.

Although the majority cites the similarity between the

offenses of delivery of a controlled substance and delivery of a counterfeit substance as a factor lessening the prejudicial impact of the State's failure to provide adequate notice on the basis for revocation, I submit that this similarity resulted in confusion of the issues and placed the appellant on the horns of a dilemma. Charged with delivery of a controlled substance, the appellant sought to establish that no controlled substance was delivered, and that the substance involved was merely aspirin. Having successfully raised sufficient doubt concerning the nature of the substance to win an acquittal, the appellant's probation was revoked for selling aspirin.

Certainly, selling aspirin may be a crime under certain circumstances, but whereas the thrust of a prosecution for delivery of a controlled substance is the nature of the substance, the emphasis in a prosecution for delivery of counterfeit substance is the accused's representations or misrepresentations concerning the nature of the substance, and other evidence bearing on the accused's intent to deceive. *See* Ark. Code Ann. § 5-64-101(e) (Supp. 1991). I submit that it is fundamentally unfair for the State to permit a defendant to prepare his case on the principal charge on the basis of the nature of the substance alleged to have been sold, prevail on that issue, and then revoke his probation for a different offense involving proof of a substantially different character based on the proof adduced by the defendant in his trial on the principal charge. As the Court noted in *Robinson, supra*:

> [A] defendant cannot properly prepare for the hearing without knowing in advance what charges of misconduct are to be investigated as a basis for the proposed revocation of the probation.

*Robinson, supra, quoting Hawkins* v. *State*, 251 Ark. 955, 475 S.W.2d 887 (1972).

I respectfully dissent.

MAYFIELD, J., joins in this dissent.