2015 Ark. App. 383

**Hailey Michelle TURMAN, Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–14–911**

Court of Appeals of Arkansas, DIVISION II.

Opinion Delivered June 17, 2015

Rehearing Denied August 19, 2015

Vaughn Law Firm, by: Jason L. Vaughn, Fort Smith, for appellant.

Leslie Rutledge, Att'y Gen., by: Pamela Rumpz, Ass't Att'y Gen., for appellee.

BRANDON J. HARRISON, Judge

Hailey Michelle Turman appeals a sentencing order that the circuit court entered on 4 August 2014. She argues that her sentence is illegal because "the circuit court erred in imposing a sentence that was substantially in excess of the sentence permitted or requested in the petition to revoke and amended petition to revoke." Turman does not argue that the court lacked enough evidence to revoke.

## I.

In May 2013, the State charged Turman with possession of drug paraphernalia, possession of Xanax, and obstructing governmental operations. Ark.Code Ann. § 5–64–443(b) (Supp. 2013); Ark.Code Ann. § 5–64–419(b)(4)(A) (Supp. 2013); Ark.Code Ann. § 5–54–102(a)(4) (Supp. 2013). Turman pled guilty to these crimes in October 2013. Pursuant to the plea agreement, Turman received:

(1) six years' probation for possession of drug paraphernalia (a class B felony);
(2) twelve months' probation for possession of Xanax (a class A misdemeanor);
(3) 30 days' suspended imposition of sentence (SIS) for obstructing government operations (a class C misdemeanor).

Turman's 2013 plea agreement and the related sentencing order have a set of written conditions attached to them. She signed an acknowledgement certifying that she had read and understood those conditions. One condition states, "[i]f the Court revokes your suspension or probation for your violating a condition, it may impose on you a sentence of up to 20 years in the Arkansas Department of Correction and/or fine of up to $15,000." Another condition states, "[a]ny violation of the terms and conditions of this suspended imposition of sentence may result in a revocation and/or a finding of contempt of court."

The State filed an initial pleading in January 2014 and amended it in March 2014. One of the issues in this case is how to characterize the operative criminal pleading titled, "Amended Petition to Revoke/Show Cause." The petition cites five different statutes in the opening sentence. Among the citations are ones to the general probation revocation statutes (Ark.Code Ann. §§ 16–93–307 to –309) and a criminal contempt statute (Ark.Code Ann. § 16–10–108). The body of the petition contains a block quote from Ark.Code Ann. § 16–93–311, a statute that allows a circuit court to retain jurisdiction beyond the term of a suspended sentence when restitution has been ordered but not paid.

On the petition's second page, the State alleges that Turman "failed to comply with the terms and condition of her community service by failing to report" and that she failed to make any payments towards her "fines, court costs, DNA fees, DTF fees, booking and administrative fees .... in violation of the terms and conditions of her probation." In the petition's final prayer for relief, the State "pray[ed] that [Turman] be brought before [the circuit court] to show cause why [she] should not be held in contempt."

The court held a hearing on the State's petition in July 2014. Turman testified during the hearing that she had read the petition to revoke that was filed against her. Turman argued that the basis for the State's petition was Ark.Code Ann. § 16–93–311, which permitted the court to either extend the probation period or revoke a suspended sentence. Turman argued that the court, if it found sufficient evidence to revoke, should either extend her probation or sentence her to thirty days in jail to give her "one more opportunity to do the right thing." The State responded that the petition was filed under sections 16–93–307, –308, –309, and –310, among other statutes, and that "the exposure in this case is 20 years. We're asking for 10 years in the Department of Correction, with additional 10 years suspended." The court ultimately resolved the case by stating from the bench that it was going to revoke Turman's probation and would "accept the recommendation of the State."

The August 4 sentencing order reflects that the court revoked Turman's probation

on her felony possession-of-drug-paraphernalia charge and imposed ten years' ADC time and ten years' SIS. The sentencing order also shows that the "Probation/SIS Revocation" box is marked "Yes" on the possession of Xanax and the obstructing-governmental-operations charges; but the court did not impose a sentence for those violations.

## II.

Did the circuit court impose an illegal sentence as Turman contends? A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Atkins v. State*, 2014 Ark. 393, at 3, 441 S.W.3d 19, 21; Ark.Code Ann. § 16–90–111(a). A sentence that is facially invalid because it exceeds the statutory maximum for the offense on which the defendant was convicted is void. *Adkins, supra.* If a sentence is within the statutory limits, however, then it is legal. *Id.* If a sentence is not facially invalid but is imposed in an illegal manner, then the defendant must move the court to correct the illegal sentence within ninety days from the date that the judgment was entered. *Heringer v. State*, 2009 Ark. 376. An example of an illegal-manner sentence is when a sentencing order conflicts with a plea agreement. *See Bradford v. State*, 351 Ark. 394, 405, 94 S.W.3d 904. 911 (2003).

Turman argues that her sentence is illegal for three reasons: (1) the State did not ask that her probation be revoked in the prayer for relief included in the petition; (2) the only relief sought in the petition was to either hold her in contempt of court or to revoke her suspended sentence; (3) and the relief sought in the petition allowed for a maximum thirty-day jail sentence.

We hold that the sentencing order at issue is not illegal on its face. The maximum sentence for a class B felony like possession of drug paraphernalia is twenty years, and the court sentenced Turman to ten years' imprisonment and ten years' SIS. which does not exceed the statutory maximum under Ark.Code Ann. § 5–4–401(a)(3). The court was empowered to impose any sentence that could have been imposed when Turman was placed on probation. *See Lee v. State*, 2010 Ark. 261, at 5, 2010 WL 2132249. It imposed no sentences for the other two revocations listed on the sentencing order.

Although Turman's arguments are couched in "illegal" sentence terms, they also raise a notice issue. She maintains that her maximum exposure was thirty days, not twenty years, because the only relief the State requested in its amended petition was a show-cause hearing for why she should not be held in contempt on her suspended sentence. The amended petition therefore failed to give her sufficient notice of the purpose of the revocation hearing pursuant to Ark.Code Ann. § 16–93–307(b)(3). No due process or other constitutional arguments were made. The State responds that the "clear intent of the State's pleading was to revoke Turman's probation, something the State made clear when it cited the relevant probation revocation statutes in the pleading ... and alleged that Turman's failure to report and her failure to pay fines was a 'violation of the terms and conditions of her probation.'"

As a probationer Turman has a right to prior written notice of the time and place of the revocation hearing, the purpose of the revocation hearing, and the condition of suspension or probation she allegedly violated. *See* Ark.Code Ann. § 16–93–307(a)(3) and –307(b)(3). She is also entitled to fundamental fairness, and an opportunity to be heard, but not com-

plete due process. *Lockett v. State,* 271 Ark. 860, 611 S.W.2d 500 (1981); *see also Phillips v. State,* 40 Ark. App. 19, 23, 840 S.W.2d 808, 810 (1992). A complete failure to give proper notice may of course void the hearing. *See Akins v. State,* 4 Ark. App. 235, 628 S.W.2d 880 (1982).

### III.

On the notice issue, we hold that the petition, as a whole, sufficiently communicated the purpose of the petition to Turman and advised her of the potential punishments. But just barely so. The petition did cite general revocation statutes: Ark.Code Ann. § 16–93–307 (right to hearing), Ark.Code Ann. § 16–93–308 (revocation procedures), Ark.Code Ann. § 16–93–309 (sentencing alternatives). Importantly, section 309 lists imprisonment as a potential punishment if Turman violated her probation or suspended sentence conditions. Ark.Code Ann. § 16–93–309(a). The petition's title informed Turman, in part, that the State had filed a "Petition to Revoke"; the State also alleged that Turman violated her probation's terms by failing to pay and failing to report for community service. And when Turman signed her plea agreement, she acknowledged that violating the conditions of her probation could result in up to twenty years in prison.

We acknowledge Turman's assertion that the State's quotation from section 311 established that the hearing's purpose was to revoke her suspended sentence only, not to revoke her probation. Section 311 deals with restitution, which was irrelevant because Turman was not ordered to pay restitution. That citation caused some confusion; but it does not defeat the petition from an insufficient notice standpoint. We also point out, as did Turman, that the State's citation to a contempt statute (Ark. Code Ann. § 16–10–108) is curious. And while the language in the prayer for relief, which asks the circuit court to hold Turman in contempt, may not have been ideal given the State's argument for imprisonment, it does not negate the other expressions that placed Turman on sufficient notice under Ark.Code Ann. § 16–93–307(b)(3) that her probation was in danger of being revoked.

As a final matter, we note that the revocation process began after the thirty days' SIS on the obstructing-government-operations conviction had expired. The original sentencing order, filed pursuant to the plea agreement, was entered on 6 November 2013. But the State filed its first petition to revoke on 24 January 2014, which was more than thirty days later. So to the extent the circuit court revoked Turman's suspended sentence on the obstructing-governmental-operations conviction, it lacked the authority to do so. *See Easley v. State,* 274 Ark. 215, 623 S.W.2d 189 (1981) (overruled in part on other grounds). We therefore modify the sentencing order to reflect that the obstructing-government-operations revocation was dismissed. *See Reyes v. State,* 2015 Ark. App. 55, 454 S.W.3d 279.

Affirmed; sentencing order modified.

Gruber and Vaught, JJ., agree.