Cite as 2021 Ark. App. 315

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-20-498

| | |
|---|---|
| SCOTT DEWAYNE BROOKSHIRE<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 1, 2021<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-15-509]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Scott DeWayne Brookshire appeals the sentencing order filed by the Garland County Circuit Court revoking his probation and sentencing him to serve 144 months' imprisonment in the Arkansas Department of Correction. On appeal, appellant argues (1) the circuit court erred in denying his motion for directed verdict when the State failed to prove a violation of the condition alleged in its petition for revocation; and (2) his sentence was excessive. We affirm.

## I. *Relevant Facts*

On May 8, 2017, appellant entered a negotiated plea of guilty to the charge of sexual assault in the second degree, a Class B felony, in violation of Arkansas Code Annotated section 5-14-125. He was sentenced to seventy-two months' probation and was required to register as a sex offender. The relevant terms and conditions of his probation included the following:

6.      REPORTS: During the term of your probation, you must report in person to your supervising officer where and when directed and permit him/her to visit you in your residence, place of employment, or other property.

. . . .

12.      TRUTHFULNESS: You must be truthful in all statements made to a supervising officer and the court.

. . . .

18.      SPECIAL CONDITIONS: No contact order with victim.

On November 7, 2019, the State filed a petition to show cause as to why appellant's probation should not be revoked. The petition attached a violation report from the Arkansas Department of Community Punishment, which the State incorporated by reference. The report stated the following:

FACTS OF VIOLATION AND INVESTIGATION:
Brookshire was found to have violated *condition #18-special conditions*

Special Conditions: On or about October 8, 2019 reporting instructions for Halloween (October 31, 2019) where mailed to all offenders in Garland County currently under supervision. Offender Brookshire was directed to report to the Hot Springs Parole office from 6:00pm to 9:00pm on Halloween night per Officer Stewart's instructions. All level 3 and 4 Sex Offenders were required to do so.

Halloween night around 6:15pm Officer Stewart received an update on who had reported and signed the reporting sheet. Offender Brookshire was unaccounted for. A home visit was conducted shortly thereafter on Brookshire's listed address and Officers were unable to make contact. Officers also attempted to contact Brookshire via telephone and were unable to contact him or leave a message.

RECOMMENDATIONS
Brookshire has violated the terms of his probation agreement and his probation should be revoked.

(Emphasis added.) A revocation hearing was held on February 11, 2020.

At the hearing, Officer Justin Stewart, appellant's supervising probation officer, testified that he mailed appellant a letter on October 8, 2019, directing appellant, as a level three sex offender, to report to the probation office for a Halloween lock-in from 6:00 p.m. to 9:00 p.m. on October 31, 2019. A copy of the letter was admitted into evidence. After appellant failed to report as directed and could not be reached by telephone, Officer Stewart and another officer drove to appellant's residence. Officer Stewart testified that they did not exit the patrol car because there was a large aggressive dog barking and jumping on the vehicle. Instead, they attempted to contact appellant by telephone, by honking the car horn, and by strobing a flashlight into windows at the residence, but appellant did not respond. The officers left the residence and failed to make contact with appellant.

Officer Stewart explained that he subsequently prepared a violation report, and the State filed its revocation petition on the basis of that report. Officer Stewart stated he served the revocation warrant on appellant when he reported to the probation office on December 19, 2019. At that time, appellant acknowledged he had received the letter and had seen the officers and heard them honk the car horn outside his home on Halloween night. Officer Stewart testified that appellant further stated that he did not read the letter thoroughly because he assumed it was the same letter as the letters he had received in years prior and did not see a need to come out of his home when the officers were outside his home. Officer Stewart testified that "Condition 6" of appellant's terms and conditions required appellant to report when and where directed.

After the State rested, defense counsel argued that the State failed to prove that appellant violated "*Special Condition 18*" of his terms and conditions. He argued that Special

3

Condition 18 was the only ground alleged in the petition. Defense counsel explained that Special Condition 18 pertained to appellant's being prohibited from having contact with the victim, which was not the issue here. After the circuit court questioned defense counsel about the other language contained in the petition, defense counsel stated the following:

> My point is they have to allege specifically what condition he's found to have violated. The violation, technically to have been filed this way, would be Condition Number 6 for reporting or not following his instructions to report which has not been alleged. That would be – . . . That's the procedurally proper way –

The circuit court stated that it disagreed with defense counsel's argument and instructed that he move on.

David Roper, appellant's stepfather testified that his house is across the road from appellant's home. Mr. Roper testified that he was sitting on his porch on Halloween and saw Officer Stewart pull into appellant's driveway. He further explained that the vehicle was in the driveway for only a couple of minutes at most and that the car's horn did not honk and the officers did not "bright light" the house. Mr. Roper testified that when the officers were sitting in the driveway, the dog was being friendly and wagging his tail. He further stated that when the officers left, appellant was "[c]oming out to his door."

Appellant testified that he had never missed an appointment to report to his probation officer and that he did not report the night in question because he was unaware that he had to report. He stated that he only received a letter about Halloween in November, after Halloween had already passed. He admitted that he read only the top part of the letter and threw it away at that time. Appellant claimed that he was at home on Halloween night and that he never saw a vehicle come onto his driveway but saw the taillights when a vehicle

4

left. Appellant denied that he had told Officer Stewart that he had received any letter when he was arrested during the subsequent December 19 visit to his probation officer.

At the conclusion of the hearing, the circuit court revoked appellant's probation, and the circuit court subsequently filed a written statement regarding its findings on March 11, 2020. The circuit court specifically found that appellant's probation was revoked because appellant failed to report as directed in violation of Condition 6 and failed to tell the truth in court when he testified that he did not tell Officer Stewart about receiving the letter in violation of "Condition 12."

A sentencing hearing was subsequently held on March 11, 2020. At the start of the hearing, defense counsel renewed his motion regarding the petition failing to allege any violation other than Special Condition 18 for which no testimony had been presented. The circuit court denied the motion and ruled that "there's no question that you and your client were fully notified of what was alleged to have been the violation whether it was called Special Condition Number 18 or not." After taking testimony on sentencing, the circuit court sentenced appellant to serve twelve years' imprisonment. This appeal followed.

## II. *Standard of Review*

A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the

5

evidence.  *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2019).  Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation.  *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002).  Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position.  *Id*.  Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence.  *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

III.  *Discussion: Petition to Show Cause*

As set forth above, three of the special conditions of probation are pertinent in this appeal.

6.      REPORTS:  During the term of your probation, you must report in person to your supervising officer where and when directed and permit him/her to visit you in your residence, place of employment, or other property.

. . . .

12.     TRUTHFULNESS: You must be truthful in all statements made to a supervising officer and the court.

. . . .

18.     SPECIAL CONDITIONS: No contact order with victim.

The problem in this appeal is that the petition to show cause was inartfully drafted.  While the conduct complained of in the petition clearly alleges a violation of Condition 6 (failure to report as directed on Halloween night), the petition incorrectly inserts "Condition 18"

6

instead of "Condition 6."[1] The insertion of "Condition 18" instead of "Condition 6" was clearly a scrivener's error by the prosecutor. At the conclusion of the hearing, the circuit court found that the appellant had violated Condition 6 by failing to report as directed on Halloween night and that appellant had violated Condition 12 for failing to be truthful to the supervising officer or court. The court did not find a violation of Special Condition 18.

In appellant's first point on appeal, he does not specifically challenge the sufficiency of the evidence presented that he violated Conditions 6 and 12. Instead, he claims that he could not be found in violation of those conditions because they were not specifically alleged in the petition to show cause as required under Arkansas Code Annotated section 16-93-307 (Repl. 2016). We affirm on this point.

In a revocation proceeding, the defendant "is not entitled to the full panoply of rights afforded a defendant in a criminal prosecution." *Phillips v. State*, 40 Ark. App. 19, 20–22, 840 S.W.2d 808, 810 (1992). A defendant arrested for a violation of probation "is entitled to fundamental fairness, and an opportunity to be heard, but not complete due process." *Turman v. State*, 2015 Ark. App. 383, at 5–6, 467 S.W.3d 181, 184–85. The notice required for revocation of a defendant's probation is provided in Arkansas Code Annotated section 16-93-307(b)(3). A defendant accused of violating the conditions of his probation has a right to prior written notice of the time and place of the revocation hearing, the purpose of the revocation hearing, and the condition of probation he allegedly violated. *Id*.

---

[1]Special Condition 18 provides the following: "No contact order with victim." This special condition is not applicable to the allegations in this petition to show cause.

A. Violation of Condition 6: Failing to Report as Directed

Here, the record clearly shows that appellant was given notice in the petition to show cause that the State alleged he had violated the condition of probation that required him to report as directed by failing to report on Halloween night. Regardless of the inartful drafting or the scrivener's error in the petition, the petition clearly alleged a violation of Condition 6—not Special Condition 18. The appellant's reliance on this court's decisions in *Hill v. State*, 65 Ark. App. 131, 985 S.W.2d 342 (1999), and *Robinson v. State*, 14 Ark. App. 38, 684 S.W.2d 824 (1985), is misplaced. In both of those cases, the revocation was based on a criminal offense not alleged in the petition, which is not the case here. Here, although the petition to show cause incorrectly referred to Special Condition 18, the conduct complained of in the petition specifically addressed appellant's direction to report on Halloween night and appellant's failure to do so. While it is regretful that the petition referred to Special Condition 18 instead of Condition 6, the misstatement or scrivener's error does not defeat the petition from an insufficient notice standpoint when the petition is read as a whole. A defendant accused of violating the conditions of his probation has a right to prior written notice of the time and place of the revocation hearing, the purpose of the revocation hearing, and the condition of probation he allegedly violated. *Id.* Here, the appellant received adequate notice of the condition of probation he allegedly violated because the petition clearly alleged that the appellant was in violation of the condition requiring him to report as directed and he failed to do so. *See Turman*, *supra*; *see also Phillips*,

*supra* (holding that Phillips could not demonstrate prejudice when the petition alleged a charge of delivery of a controlled substance instead of delivery of a counterfeit substance).

### B. Violation of Condition 12: Failure to be Truthful to a Supervising Officer or the Court

Appellant argues that the petition to show cause did not set forth any allegations regarding a violation of Condition 12, which provided the following: "TRUTHFULNESS: You must be truthful in all statements made to a supervising officer and the court." The State argued that the appellant was untruthful because appellant admitted to Officer Stewart that he had received the letter advising him to appear and later testified in open court that he did not receive the letter. However, because the State need only prove that appellant committed one violation of the terms and conditions of his probation, and we hold he violated Condition 6, we need not address the lack of notice regarding appellant's additional violation of Condition 12. *See Brown v. State*, 2016 Ark. App. 403, 500 S.W.3d 781; *Webb v. State*, 2015 Ark. App. 257, 460 S.W.3d 820.

### IV. *Excessive Sentence*

Appellant additionally argues that the circuit court abused its discretion by sentencing him to twelve years' imprisonment. Although appellant recognizes that the sentence is within the statutory range, he argues the sentence is excessive because he had no other probation violations and was current on payment of his fines and fees. We disagree.

Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *Lenard v. State*, 2014 Ark. 478, 522 S.W.3d 118. When the sentence given is within the maximum prescribed by law, the sentence is not illegal because the court has the authority to impose it. *Richie v. State*, 2009 Ark. 602,

9

357 S.W.3d 909. This court has held that the circuit court has discretion to set punishment within the statutory range of punishment provided for a particular crime. *Whitmore v. State*, 2018 Ark. App. 44, 539 S.W.3d 596. Moreover, our supreme court has held that it will not reduce a sentence, even if it considers it unduly harsh, if it falls within the legislative limits of the General Assembly. *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66. If a sentence is within the limits set by the legislature, the appellate court is not at liberty to reduce it. *Williams v. State*, 320 Ark. 498, 898 S.W.2d 38 (1995).

It is apparent from the record that the judgment and sentence entered against appellant is lawful. When the circuit court revokes a defendant's probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A). Appellant was placed on probation for second-degree sexual assault, a Class B felony, in violation of Arkansas Code Annotated section 5-14-125. It carries a sentencing range of not less than five nor more than twenty years' imprisonment. Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2013). Thus, because appellant's twelve-year sentence of imprisonment imposed by the circuit court was within the statutory range prescribed by law, we must affirm. *See Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.