Cite as 2026 Ark. App. 19

# ARKANSAS COURT OF APPEALS
DIVISION IV
№ CR-25-462

| | | |
|---|---|---|
| JONATHAN SPARROW | | Opinion Delivered January 14, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | | [NO. 18CR-24-476] |
| | | |
| STATE OF ARKANSAS | | HONORABLE TONYA M. |
| | APPELLEE | ALEXANDER, JUDGE |
| | | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**CINDY GRACE THYER, Judge**

Jonathan Sparrow appeals a Crittenden County Circuit Court order revoking his probation and suspended imposition of sentence (SIS) and sentencing him to a total of forty years in the Arkansas Division of Correction (ADC). Sparrow's attorney has filed a no-merit brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2024), contending that there are no issues of arguable merit to raise on appeal. In addition, the clerk of our court notified Sparrow of counsel's motion and brief and advised him of his right to file pro se points; however, he did not avail himself of the opportunity. We affirm and grant counsel's motion to withdraw.

Sparrow pled guilty in the Crittenden County Circuit Court to four counts of distributing or possessing matter depicting sexually explicit conduct involving a child in

October 2024. He was sentenced to 120 months' probation on count one and 120 months' SIS as to the remaining three counts, to be served concurrently. As part of the terms and conditions of his probation, he was ordered, among other things, to report to his supervising officer; maintain employment; obtain prior approval before changing his place of residence; obey all federal and state laws; and pay all court-ordered fines, fees, and restitution.

In March 2025, after Sparrow was charged with a new felony count of distributing or possessing matter depicting sexual conduct involving a child, the State filed a petition to revoke Sparrow's probation and SIS, alleging that he had failed to live a law-abiding life. Specifically, the State alleged that during a sex-offender compliance check, Sparrow admitted viewing child-sexual-abuse materials (CSAM) and showed officers how he was able to obtain access to that material. The State subsequently filed an amended petition, adding allegations that Sparrow had willfully failed to pay fines, fees, and costs as directed; failed to report to probation; failed to pay probation fees; failed to notify his probation officer of his current address and employment; and failed to live a law-abiding life.

The circuit court held a hearing on the State's revocation petition on May 1, 2025. Jennifer Clements, Sparrow's probation officer, testified that Sparrow is a registered sex offender, although he had not yet been fully assessed. Since he had begun as one of her probationers, he had been compliant, had been reporting appropriately, and had been paying his probation fees. She nonetheless filed a violation report after his arrest on the new charges.

West Memphis Police Department Officer Jessica Anderson testified that she was part of a task force conducting probation-compliance checks in March 2025. During a compliance check on Sparrow, she overheard Sparrow telling Sergeant Bill Brown that he was still regularly looking for CSAM on the internet. When Anderson and Brown entered Sparrow's house, Sparrow explained to them that he used multiple platforms like Twitch and TikTok to search for and download videos. He told them that he looked for CSAM "every few days."

Sergeant Brown testified that after speaking with Sparrow for a few minutes, Sparrow started talking about having recently viewed child-abuse material and explained how he accessed it on the internet. Brown's conversation with Sparrow was recorded on his body camera; the recording was played for the court and introduced into evidence without objection. In it, Sparrow told Brown that he was still watching CSAM, his preferred age range was from thirteen to sixteen years old (although he had viewed a video involving abuse of an infant), he used various websites to access and view the material, and he had viewed such material as recently as a few weeks before the compliance check. Brown acknowledged that he did not personally see the material on Sparrow's computer.

Finally, Pat Joplin of the Crittenden County Sheriff's Department testified that Sparrow was ordered to pay $35 a month in fines and fees. The total amount due was $1,120, but Sparrow had not made any payments.

After the State rested, Sparrow moved for a directed verdict on each of the five violations alleged in the petition. He noted that as to the first four alleged violations,[1] the evidence from his probation officer was that he had been completely compliant with his probation. As to count five––failure to live a law-abiding life––he asserted that while he had been charged with an additional crime, he had not been convicted, and there was no evidence presented at the hearing that anything was actually found on his computer. The State responded that the evidence showed that he had been viewing CSAM consistently since his October 2024 conviction.

The court granted Sparrow's motion as to the alleged failure to report, failure to pay probation fees, and failure to notify probation of his current address and employment. The court denied the motion, however, as to the failure to live a law-abiding life, noting that Sparrow admitted violating "state and federal laws in his actions and searching for CSAM material." Sparrow then rested and renewed his motion, which was again denied. The court found by a preponderance of the evidence that Sparrow had violated the terms and conditions of his probation and SIS.

During the sentencing portion of the revocation hearing, the State asked the court to sentence Sparrow to the maximum of forty years in the ADC, citing his years-long history of consuming child pornography and noting that the ADC was "the only facility [the State

---

[1]These were (1) failure to pay fines, fees, and costs; (2) failure to report to probation as directed; (3) failure to pay probation fees; and (4) failure to notify probation of his current address and employment.

knows] of that has classes and groups that are actually designed to assist somebody with this type of addiction and problem." Sparrow requested the minimum sentence. The court agreed with the State and imposed consecutive ten-year sentences on each of the four counts to which Sparrow originally pled guilty.

As noted above, counsel has filed a motion to be relieved and a no-merit brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), asserting that there are no meritorious grounds for relief. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief. Ark. Sup. Ct. R. 4-3(b)(1) (2024). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. *Id.*; *Hodnett v. State*, 2023 Ark. App. 336, 669 S.W.3d 885.

Our review of the record reflects that there were only two adverse rulings in the proceedings below, both of which counsel has addressed in the no-merit brief: the revocation of Sparrow's probation and the court's rejection of his request for a more lenient sentence.

The first adverse ruling addressed by counsel is the sufficiency of the evidence to support the revocation. To revoke probation or an SIS, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of

5

the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. *Id.* Furthermore, the State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274.

Here, the basis for the revocation was the failure to live a law-abiding life and refrain from violating any state, federal, or municipal law. As counsel correctly notes, Sparrow admitted to the officers at the sex-offender compliance check that he was still actively seeking out and viewing child-sexual-abuse materials, which is a violation of Arkansas Code Annotated section 5-27-602(a)(2) (Repl. 2024).[2] Thus, the State met its burden of proving that Sparrow violated a condition of his probation and SIS. There was therefore sufficient evidence to support the court's revocation.

The next adverse ruling addressed by counsel was whether the sentence imposed by the circuit court was appropriate. When a circuit court revokes a defendant's probation or SIS, it may impose any sentence that might have been imposed originally for the offense,

---

[2]This section provides that a person commits the offense of distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly "[p]ossesses or views through any means, including on the internet, any photograph, film, videotape, computer program or file, computer generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct or is indistinguishable from the image of a child engaging in sexually explicit conduct, including those made or produced by electronic, mechanical, or other means."

Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2023), and the sentencing court has the discretion to impose consecutive sentences for separate offenses. *Id.* § 5-4-403(a) (Supp. 2023).

A violation of section 5-27-602(a)(2) is a Class C felony for the first offense and thus subject to a sentence of up to ten years. *See* Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2024). Here, the circuit court originally sentenced Sparrow to ten years' probation on one of the four counts against him and ten years' SIS on the remaining three. Upon revocation, the court sentenced Sparrow to ten years' incarceration on each count. Because the sentence imposed by the circuit court was within the statutory range prescribed by law, counsel correctly asserts that there could be no meritorious challenge to the sentence on appeal. *See Brookshire v. State*, 2021 Ark. App. 315, 633 S.W.3d 782.

From our review of the record and the brief presented by Sparrow's counsel, we conclude that an appeal would be wholly frivolous in this case. We therefore affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and BARRETT, JJ., agree.

*Samantha Bolton*, for appellant.

One brief only.